IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUIS R. SANTANA-GUILLEN, etc.,

                    Plaintiff,                Case No. 3:07 oe 40157

      -vs-

                                        <u>MEMORANDUM   OPINION</u>

JOHNSON & JOHNSON, et al.,

                    Defendant.

KATZ, J.

This matter comes before the Court on Defendants' motion for summary judgment (Doc. No. 3), Plaintiff's motion pursuant to Rule 56(f) (Doc. No. 5), Plaintiff's informative motion (Doc. No. 16), Plaintiff's motion regarding compliance with amended order (Doc. No. 20), and Defendants' motion for a ruling on the pending summary judgment (Doc. No. 21).

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  For the reasons set forth below, Defendants' motion for summary judgment is granted and the remaining motions are denied as moot.

## I. PROCEDURAL BACKGROUND

This is one of multiple cases in the universe of litigation involving the Ortho Evra® birth control patch which is the subject of this multidistrict litigation.  *In Re Ortho Evra Products Liability Litigation*, 1:06 CV 40000, MDL Docket 1742 (N.D.Ohio).  On February 4, 2009, Defendants moved for summary judgment on the issue of causation, namely, that the evidence did not demonstrate Plaintiff to have suffered a pulmonary embolism sufficient to establish proximate cause.  In response, Plaintiff moved for a period of time to depose her treating doctors to establish causation.  Following Defendants' reply, on March 23, 2009, the Court granted Plaintiffs until April 24, 2009 to file an affidavit in support of specific causation.  (Doc. No. 11.)

On April 21, 2009, Plaintiff filed an Informative Motion regarding the scheduling of depositions which prompted a response by Defendants.  Following a phone conference on April 28, 2009, Plaintiff was directed to provide a report by her treating physicians to defendants by May 12, 2009 and to fax a copy of that report to the Court.  (Doc. No. 18.)

In accordance with the Court's directive, Plaintiff filed a motion in compliance with the May 12th directive.   Defendants, on May 18, 2009, moved for a ruling on the pending motion for summary judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.* at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party."  *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried."  *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## III. Discussion

The elements of a claim of actionable negligence include: (1) the existence of a duty; (2) breach of that duty; and (3) damages resulting from the breach. *Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142, 539 N.E.2d 614 (1989). In a products liability action, a plaintiff must establish, among other elements, that the defect was the proximate cause of the injury. *State Farm Fire & Cas. Co. v. Chrysler Corp.*, 37 Ohio St.3d 1, 523 N.E.2d 489 (1988); *Seley v. G.D. Searle & Co.*, 67 Ohio St.2d 192, 423 N.E.2d 831 (1981) (proximate cause requirement applicable to pharmaceutical product liability claims). Use of the product and evidence that such use caused the injury is required to establish proximate cause. Ohio Rev. Code § 2307.73(A)(2).

In response to this Court's order requesting a report on causation and the supporting medical records, Plaintiff submitted the following statement indicating her compliance with the Court's April 28, 2009 Order as follows:

> That plaintiff's treating physician, Dr. Nicholás R. Betancourt, spent two (2) days examining the medical records of plaintiff at Hospital Auxilio Mutuo and cannot conclusively find that plaintiff suffered a pulmonary embolism but that she had symptoms attributable to such a condition.

Plaintiff's Motion In Compliance with Amended Order, Doc. No. 20 at p. 2.

The Defendants, in their motion for a ruling on the summary judgment, state that they did not receive a report by Dr. Betancourt nor did they receive any medical records. Nor were any medical records or sworn statements by Dr. Betancourt filed in this case.

In the absence of evidence to establish use of the product the Court is left with consideration of Plaintiff's statement. Even considering Plaintiff's statement in the light most

4

favorable to the non-movant, the Court finds this insufficient to establish causation by a probability.  Proof of causation must be by a probability not a possibility.  *See Watson v. Ford Motor Co.*, 2007 WL 4216975 *12 (Ohio App. 2007); *Donegal Mut. Ins. v. White Consol. Industries, Inc.*, 166 Ohio App.3d 569, 577, 852 N.E.2d 215, 211 (2006); *Hickey v. Otis Elevator Co.,*163 Ohio App.3d 765, 770, 840 N.E.2d 637, 640 (2005).

### CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Doc. No. 3) is granted.  The remaining motions (Doc. Nos. 5, 16, 30, and 21) are denied as moot.

IT IS SO ORDERED.

    *S/ David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE